**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| TRIEU, LLC, <br> a Tennessee Limited Liability Company <br><br> Plaintiff <br><br> v. <br><br> JENNA TRAN and MINH TRAN, <br> d/b/a VENETIAN LIFESTYLE NAIL SALON <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) PLAINTIFF'S COMPLAINT <br> ) FOR TRADEMARK INFRINGEMENT <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Trieu, LLC ("Trieu"), by and through undersigned counsel, alleges the following in its Complaint against Defendants Jenna Tran and Minh Tran as follows:

### NATURE OF ACTION

1. This is a civil action for trademark infringement, false designation of origin, passing off, usage of counterfeit mark, and dilution under the Lanham Act, 15 U.S.C. §1114, 1125(a), 1125(c); and unfair trade practices under Mich. Comp. Laws §§ 445.903, whereby plaintiff, Trieu, LLC is seeking an injunction against the illegal infringement activities of Defendants, in addition to monetary damages and treble damages as allowed under the Lanham Act and Michigan statute.

### PARTIES

2. Plaintiff, Trieu, LLC is a Tennessee Limited Liability Company with a principal place of business at 3301 N. University Dr., Suite 420, Coral Springs, FL 33065.

3. Defendants operate a nail salon with a principal place of business at 2985 Preyde Blvd, Lansing, MI 48912.

4. Upon information and belief, Defendants are doing business as "Venetian Lifestyle Nail Salon."

5. Upon information and belief, Defendants are individuals who are now, and at all times relevant herein were, citizens or permanent residents of the United States, citizens of the State of Michigan, and who are domiciled in Michigan.

## JURISDICTION

6. As this action relates to trademark infringement, this Court has original subject matter jurisdiction over this matter under 15 U.S.C. §1121(a) and under 28 U.S.C. §1338(a).

7. As this case relates to unfair trade practices that are joined with and substantially related to the trademark infringement action, this Court also has original jurisdiction over these claims under 28 U.S.C. §1338(b).

8. This Court also has jurisdiction pursuant to 28 U.S.C. §1332(a) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a).

10. This Court has personal jurisdiction over Defendants, as they are both Michigan residents.

## VENUE

11. Venue is proper in this District under 28 U.S.C. §1391(b) and 1391(c) in that Defendants are residents and transact business in the Western District of Michigan.

## TRADEMARKS-IN-SUIT

12. Plaintiff Trieu, LLC is currently the owner of two registered trademarks (the "Registered Trademarks" or "Registered Marks").

13. Trieu, LLC is the owner by assignment of the entire rights, title, and interest, including the right to sue for infringement, of United States Trademark Registration No. 3,192,012 on the Principal Register for the word mark VENETIAN NAIL SPA for "nail salon services, health day spa services, located in a commercial shopping plaza and not in a hotel or casino, namely cosmetic body care services, facials, massages, manicures, and pedicures." The priority date of this registration is August 15, 2005, and the acknowledged first date used in commerce is July 1, 2003. A true and accurate copy of the registration is attached hereto as Exhibit "A" and incorporated by reference.

13. An image of the VENETIAN NAIL SPA word mark is depicted below:

> **VENETIAN NAIL SPA**

14. Trieu, LLC is the owner by assignment of the entire rights, title, and interest, including the right to sue for past infringement, of United States Trademark Registration No. 4,567,557 on the Principal Register for the word mark VENETIAN for use in accordance with "day spa services, namely, nail care, manicures, pedicures, and nail enhancements." The priority date of this registration is November 21, 2013 and the acknowledged first date used in commerce is July 1, 2003. A true and accurate copy of the registration is attached hereto as Exhibit "B" and incorporated by reference.

15. An image of the Venetian word mark is depicted below:

> **VENETIAN**

## FACTUAL BACKGROUND

16. Plaintiff and its licensees currently own and operate, through authorized licensees, more than 48 licensed cosmetology salons in the States of Alabama, Colorado, Florida, Iowa, Kentucky, Missouri, Ohio, Tennessee, and Texas that provide manicures, pedicures, facials and waxing services.

17. Plaintiff has expended significant sums of money to promote and advertise its business under the Registered Trademarks.

18. More specifically, Plaintiff has advertised and used the Registered Trademarks in physical and online advertisements.

19. On March 18, 2013, Plaintiff entered into a valid licensing agreement with Defendant Jenna Tran's father, Quyen Nguyen. A true and accurate copy of the agreement is attached hereto as Exhibit "C" and incorporated by reference.

20. On March 18, 2013, Plaintiff and Quyen Nguyen entered into a limited, nonassignable agreement permitting Quyen Nguyen to use the name "Venetian Nail Spa" located at 2985 Prevde Blvd., Lansing, MI 48912.

21. Upon information and belief, Quyen Nguyen has deceased on or about August 18, 2014.

22. Upon information and belief, Defendant Jenna Tran has been operating the salon as "Venetian Nail Spa" since her father's passing, with help from her uncle, Minh Tran.

23. Neither Jenna Tran nor Minh Tran have entered into any agreement with Trieu, LLC permitting the use of the Registered Marks.

24. After Plaintiff discovered Quyen Nguyen had deceased, it contacted Defendant Jenna Tran in order to attempt to enter into an agreement for her continued use of the Registered Trademarks.

25. After negotiations failed to reach an amicable resolution, Plaintiff relayed to Defendants a cease and desist letter on or about April 27, 2017, informing them they needed to put an end to their infringing use of Plaintiff's Registered Trademarks.

26. Defendants never responded to the cease and desist letter, and rather than discontinue their infringing use of the Plaintiff's Registered Trademarks at its existing location, the Defendants merely inserted the word "Lifestyle" to the name, so the name of the salon as of this filing is "Venetian Lifestyle Nail Salon."

27. Defendants, with full knowledge of Plaintiff's marks, have refused Plaintiff's requests to stop using the Registered Trademarks, thereby making the use and continued use of the Registered Trademarks deliberate, willful and wanton.

28. Defendants advertise by using the Registered Trademarks.

29. Plaintiff and Defendants advertise, promote, sell, and offer to sell manicure, pedicures, facials, and waxing services and are thus in identical industries.

## COUNT I

**(Direct Trademark Infringement Pursuant to 15 U.S.C. § 1114)**

30. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 31 above, as if fully set forth herein.

31. Defendants have used in commerce, reproductions, counterfeit, copies, and/or colorable imitations of plaintiff's Registered Trademarks in connection with the promotion, advertising, sale, and offering for sale of its services.

32. Defendants' branding comprises of counterfeit, spurious marks which are identical with, or substantially indistinguishable from Plaintiff's Registered Trademarks, such that it is likely to cause confusion.

33. As a direct and proximate result of Defendants' infringing use of Plaintiff's Registered Trademarks, Plaintiff has lost goodwill associated with its registered marks.

34. Plaintiff will be irreparably damaged by continued loss of goodwill and loss of control over the reputation of its marks unless Defendants are prevented from continuing to promote, advertise, sell, or to offer for sale its services associated with the intentionally and confusingly similar marks.

35. Defendants have thereby created a likelihood of confusion in the market place that will continue and increase if Defendant is permitted to continue its unauthorized use and misappropriation of Plaintiff's Registered Trademarks.

36. Defendants adopted the marks, upon information and belief, with knowledge of Plaintiff's prior usage, and have thereby infringed Plaintiff's marks willfully and with wanton disregard of Plaintiff's rights, and will continue to do so unless enjoined.

37. Once Defendants' infringing conduct was brought to its attention by Plaintiff, Defendants refused to stop using the Registered Trademarks and made a deliberate decision to continue using Plaintiff's registered marks to advertise, promote, offer for sale, and sell its services.

38. Defendants' use and continued use of the Registered Marks is willful, wanton, and shows a reckless disregard for Plaintiff's rights.

39. Plaintiff has been damaged and is likely to be further damaged by Defendants' infringing acts and that damage will be irreparable unless Defendants' conduct is enjoined.

<u>**COUNT II**</u>

**(Infringement, Direct Unfair Competition, False Designation of Origin,**

**Passing Off Pursuant to 15 U.S.C. §1125(A))**

40. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 41 above, as if fully set forth herein.

41. Plaintiff has used its Registered Trademarks in interstate commerce to advertise, promote, and distinctly identify its manicure, pedicure, facials, and waxing services.

42. Defendants have adopted Plaintiff's Registered Trademarks to promote its manicure, pedicure, facials, and waxing services.

43. Plaintiff's use of its Registered Trademarks in interstate commerce pre-dates Defendants' adoption and use of the marks.

44. Defendants' unauthorized use of the Registered Marks is likely to cause confusion, mistake, or to deceive customers as to Plaintiff's affiliation, connection, association, sponsorship, or approval of Defendants' services, in violation of 15 U.S.C.§ 1125(a).

45. Plaintiff has been damaged and is likely to be further damaged by Defendants' infringing acts and that damage will be irreparable unless Defendants' conduct is enjoined.

46. Defendants refused to stop using the Registered Mark and made a deliberate decision to continuing using the marks to advertise, promote, offer for sale, and sell its services despite its infringing conduct being brought to their attention.

47. Defendants' use and continued use of the Registered Marks is willful, wanton, and shows a reckless disregard for Plaintiff's rights while designed specifically to trade upon the consumer goodwill enjoyed by Plaintiff.

48. The goodwill of the Registered Trademarks is of enormous value, and unless Defendants are restrained from continuing its unfair competition, false designation of origin, and passing off, Plaintiff will suffer irreparable injury.

49. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, costs and attorney's fees.

50. Likewise, Plaintiff is entitled to compensation from Defendants for past unfair competition, false designation of origin, and passing off.

## COUNT III

**(Direct Federal Trademark Dilution Pursuant to 15 U.S.C. § 1125(C))**

51. Plaintiff hereby incorporates by reference and realleges paragraphs 1 through 52 as if fully stated herein.

52. Defendants are making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of Plaintiff's Registered Trademarks by eroding the public's exclusive identification of these famous marks with Plaintiff's services, tarnishing and degrading the positive associations and prestigious connotations of the marks and otherwise lessening the capacity of the marks to identify and distinguish services.

53. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Registered Trademarks or to cause dilution of the marks, to the great and irreparable injury of Plaintiff.

54. The trademark dilution has caused injury to Plaintiff in the form of lost business reputation.

55. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages.

56. Likewise, Plaintiff is entitled to compensation from Defendants for its past dilution.

## COUNT IV

**(Unfair Trade Practices Under Mich. Comp. Laws §§ 445.903)**

57. The allegations of the foregoing paragraphs 1 through 58 are incorporated herein by reference.

58. Defendants' use of the Infringing Marks are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association. with Trieu, or as to the origin, sponsorship, or approval of Defendants' services.

59. Defendants' acts constitute unfair trade practices in violation of Michigan Statute Mich. Comp. Laws §§ 445.903.

60. The actions, conduct, and practices of Defendants described above have at all times relevant to this action been willful, in bad faith and/or knowing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against defendant as follows:

A. Finding that (i) Defendants have violated 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and 15 U.S.C. § 1125(c); (ii) and Mich. Comp. Laws §§ 445.903.

B. Granting an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C § 1116, and 17 U.S.C. § 502, permanently restraining and enjoining Defendants, its officers, agents, and employees, and attorneys, and all those persons or entities in active concert or participation with them from:

  i. advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any goods or services in conjunction with Plaintiff's registered marks or any other mark or design element substantially similar or confusing thereto;

  ii. engaging in any other activity constituting unfair competition with

        Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or design elements associated with Plaintiff's registered marks;

    iii. engaging in any other activity that will cause the distinctiveness of Plaintiff's Registered Trademarks to be diluted.

C. Requiring Defendants to file with this Court and serve on plaintiff within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this action that has been marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiff, or is related in any way with Plaintiff and/or its services;

E. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c) or in the alternative its actual damages suffered as a result of Defendants' actions;

F. Awarding actual damages to which it is entitled under applicable federal and state laws;

G. Awarding treble damages to which it is entitled under 15 U.S.C. § 1117(b);

H. Awarding prejudgment interest on any monetary award made part of the judgment against Defendants; and

I. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: November 1, 2017

                                              Respectfully Submitted,

**/s/ Samuel Osborne**
Attorney for Plaintiff
Atom Law Group, LLC
770 N. LaSalle Drive
Suite 700
Chicago, IL 60654
312-943-8000
sosborne@atom.law

## **JURY DEMAND**

Trieu respectfully requests a trial by jury for all matters so triable.

DATED this 1st day of November, 2017.

        **/s/ Samuel Osborne**
        Attorney for Plaintiff
        Atom Law Group, LLC
        770 N. LaSalle Drive
        Suite 700
        Chicago, IL 60654
        312-943-8000
        sosborne@atom.law